# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### AT PADUCAH

**UNITED STATES OF AMERICA**                                **PLAINTIFF**

**v.**                                              CIVIL ACTION NO: <u>5:19-cv-93-TBR</u>

**CONTENTS OF REGIONS BANK
ACCOUNT ENDING IN 4528
($91,831.49), HELD IN THE NAME
OF NOAH OLUMIDE OLANREWAJU.**                    **DEFENDANT**

### VERIFIED COMPLAINT
### FOR FORFEITURE IN REM

The United States of America, by counsel, Russell M. Coleman, United States Attorney

for the Western District of Kentucky, and Amy M. Sullivan, Assistant United States Attorney,

brings this complaint and alleges as follows:

### NATURE OF THE ACTION

1.      This is an action to forfeit and condemn to the use and benefit of the United States

of America the following property:  Contents of Regions Bank Account Ending in 4528

(91,831.49), held in the name of Noah Olumide Olanrewaju.

### JURISDICTION AND VENUE

2.      Plaintiff brings this action *in rem* in its own right to forfeit and condemn the

defendant property under 18 U.S.C. § 981(a)(1)(C).  This Court has jurisdiction over forfeiture

actions commenced by the United States pursuant to 28 U.S.C. § 1345 and 28 U.S.C. § 1355(a).

3.      This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. §

1355(b).  Upon the filing of this complaint, the plaintiff requests that the Court issue an arrest

warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the

property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

4.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1355 and 1395, because the acts or omissions giving rise to the forfeiture occurred in the Western District of Kentucky.

## THE DEFENDANT IN REM

5.     The defendant is:   Contents of Regions Bank Account Ending in 4528 ($91,831.49), held in the Name of Noah Olumide Olanrewaju, which the McCracken County Sheriff's Office (MCSO) seized on or about August 21, 2018, from Noah Olumide Olanrewaju in Paducah, Kentucky, which is in the Western District of Kentucky.   The defendant property is currently in the custody of the McCracken County Sheriff's Office.

## THE LAW

6.     Pursuant to 18 U.S.C. § 981(a)(1)(C), "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to a violation of . . . any offense constituting a 'specified unlawful activity' (as defined in section 1343 of this title), or a conspiracy to commit such offense" is subject to forfeiture to the United States.

7.     Pursuant to 18 U.S.C. § 1343, it is unlawful to devise or intend "to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice ...".

## SUMMARY OF RELEVANT FACTS

8.     The facts and circumstances supporting the seizure and forfeiture of the defendant property are set forth in the affidavit of HSI Special Agent Todd D. Chiddister, which is attached hereto as Attachment A, and incorporated in its entirety herein by reference.

2

## CLAIM FOR RELIEF

9.      The defendant property constitutes property traceable directly and indirectly to proceeds of mail and wire fraud in violation of 18 U.S.C. § 1343.   Consequently, the defendant property is forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).


WHEREFORE, the plaintiff respectfully requests:

1.      that notice of this action be given to all persons known or thought to have an interest in or right against the property;

2.      that the defendant property be forfeited and condemned to the United States of America;

3.      that the plaintiff be awarded its costs and disbursements in this action; and

4.      for such other and further relief as this court deems proper and just.


Respectfully submitted,

RUSSELL M. COLEMAN
United States Attorney

/s Amy M. Sulivan
AMY M. SULLIVAN
Assistant U.S. Attorney
Western District of Kentucky
717 West Broadway
Louisville, KY 40202
(502) 582-5911
(502) 582-5097 (fax)
amy.sullivan@usdoj.gov

3

## VERIFICATION

I, Todd D. Chiddister, am a Special Agent with Homeland Security Investigations. I have read the foregoing Verified Complaint for Forfeiture *In Rem* (including any attachments thereto) and under penalty of perjury, hereby assert that the facts contained therein are true to the best of my knowledge and belief, based upon knowledge possessed by me and/or on information received from other law enforcement agents.

_____
SA Todd D. Chiddister


Subscribed and sworn to before me this ___26___ day of June, 2019.

_____
Madison Sewell
Notary Public
Notary I.D.:   569 567


My Commission Expires  12/5/20 _____

4

## AFFIDAVIT IN SUPPORT OF
## COMPLAINT FOR FORFEITURE

I, Todd D. Chiddister, being duly sworn, state as follows:

1.    I am a Special Agent with Homeland Security Investigations (HSI) assigned to Bowling Green, Kentucky.  I have been employed as a Special Agent with HSI and legacy agency U.S. Customs for over 16 years.

2. As part of my duties as an HSI agent, I may be assigned investigations relating to wire fraud and money laundering.  I have participated in the execution of multiple federal search warrants involving suspected money laundering offenses.

3. This affidavit is made in support of an application for a Complaint for Forfeiture against a Regions Bank checking account number ending 4528 (as fully described herein), which represents proceeds involved in wire fraud. Consequently, the defendant property is forfeitable to the United States pursuant to 18 U.S.C. Sec. 981(a)(1)(C).

4. The statements in this affidavit are based on my personal knowledge, and on information I have received from other law enforcement personnel with knowledge regarding relevant facts.  Because this affidavit is being submitted for the limited purpose of supporting a forfeiture complaint, I have not included each fact known to me concerning this investigation.  I have set forth only those facts that I believe are necessary to establish probable cause to believe that violations of Title 18, United States Code, Section 1343, occurred and that the defendant property was involved in said violation.

### PROBABLE CAUSE

5. On August 2, 2018, J.M. of Paducah, KY began communicating via Facebook Messenger with "kathy.bullen.7."  Bullen identified herself as a grant specialist to J.M.. Bullen told J.M. that she provides government grants to individuals. Since these are grants, they do

Attachment A 1

not have to be repaid. In order to receive a grant, J.M. would have to apply and hope for approval. J.M. "applied" for the grant through Messenger by providing her personal information to Bullen. Bullen in return "approved" J.M. to receive a grant.

6. The size of the grant that J.M. could receive was dependent on how much J.M. paid for processing and handling. The larger the processing and handling fee, the larger the grant J.M. would receive. J.M. elected to pay a $2,850 processing and handling fee in order to receive a $90,000 grant.

7. J.M., on August 6, 2018 started making the following payments to Bullen, believing she was paying the processing and handling fee to receive the $90,000 grant. J.M. purchased 4 Walmart gift cards totaling $2,850 then sent photos of the receipt and gift cards to Bullen through Messenger.

8. Bullen continued to scam J.M. over the next few days, eventually convincing J.M. to send additional money. On August 8, 2018 J.M. deposited $2,500 into the Regions Bank account ending 4528. The account information was provided to J.M. by Bullen. This deposit was to pay for the "taxes" associated with the grant. J.M. also sends an additional $2,000 via 4 Walmart gift to Bullen on the 8th. These were sent to Bullen via photos sent through Messenger.

9. After having sent a combined $7,350 and Bullen demanding additional shipping and insurance fees be paid before the grant check can be mailed, J.M. began to realize she had fell victim to a scam and on August 9, 2018, J.M. contacted the McCracken County Sheriff's Office (MCSO) to report it.

10. MCSO Captain Ryan Norman and Sergeant Benny Kauffman immediately identified and recognized that J.M. had fell victim to a scam. MCSO Detectives were able to recognize

this case as a scam based on both having participated in numerous investigations and complaints of a similar nature.

11. Recognizing that the bank account number ending 4528 with Regions Bank was involved in the receiving of monies obtained through fraudulent means a seizure warrant was obtained. On August 21, 2018, Sgt. Kauffman executed a state seizure warrant on the Regions Bank account ending 4528. MCSO seized the account balance of $91,831.49. This amount was turned over into the custody of MCSO on September 5, 2018 by Regions Bank.

12. The seized account was identified as belonging to Noah Olumide Olanrewaju of Smyrna, GA.

13. Olanrewaju was interviewed several times via phone and made the following statements.

   - The $2,500 that was deposited into his bank account was done so because he works for his brother in-law, "Tobi."

   - Tobi is a wholesaler of new and used iPhones in Nigeria. Tobi further works with "Ola". It is unknown what Ola does in Nigeria.

   - Tobi provides Ola with Naira (Nigerian currency). In exchange for the Nigerian currency, Ola has his people deposit USD (American currency) into Olanrewaju's bank account.

   - Olanrewaju then sends the money he receives into his account from Ola to SVAG Enterprises. SVAG Enterprises is an iPhone wholesaler.

   - SVAG Enterprises then provides Tobi with new and used iPhones in Nigeria.

Attachment A 3

- Upon receiving money into his account, Olanrewaju receives instructions via text message on where to send money. Some money is sent to SVAG but if there is an excess, he receives instructions on where to send the excess.

- Ola provides Tobi a better Naira to USD exchange rate then what is set by the Federal Exchange.

14. The following deposits and debits were identified as being involved in fraud/scams. These were identified as being received into the account by the people that work for Ola.

- Deposit June 25, 2018 - Square Inc. $4,500. Olanrewaju detailed this money was received from the people that work for Ola.

- Deposit July 12, 2018- Wire transfer from SVAG into account $7,596. Described as being overpayment for previous payments made to SVAG.

- Deposit August 7, 2018- Cashier's check $75,000. Employees of Ola deposited this money.

- Deposit August 8, 2018- cash deposit $2,500. The J.M. deposit.

15. No additional information was able to be generated with respect to the Square Inc. and SVAG deposits. I was unable to determine the origin of the funds other than coming from SVAG and Square Inc. These two deposits are considered fraudulent due to Olanrewaju's statements.

16. The $75,000 cashier's check was found to have been deposited by J.B., from Boerne, TX. J.B. was interviewed via phone and made the following statements:

- Met a man on a seniors dating website

Attachment A 4

- The man had asked her if he deposits money into her account if she would withdraw the money as a cashier's check and deposit the check into the account belonging to Olanrewaju.

- Agreed to do so. Also admitted to destroying all documents related to the cashier's check. Did this under the instruction of the male she had met on the dating website.

- Didn't use any of her own money, only withdrawing the exact amount the man had deposited into her account.

17.   J.B. provided Sgt. Kauffman with her daughter's phone number. J.B.'s daughter was able to provide additional details in regards to her mother's involvement with this scheme to defraud.

- Her mother being asked to participate in the moving of money is an ongoing issue since February of 2018.

- Noticed $140,000 wire transfer into the joint checking account she shares with J.B. in February 2018. The money was all wired back out with a day. Was able to recover $135,000 by working with the bank.

- Confronted her mother about it at that time. J.B. had explained to her at that time that she had met a guy online and was helping him out.

- Made it clear to J.B. that she was helping to move money as part of scam. Instructed her mother to quit communicating with this man.

- Thought the problem had come to an end until she heard about the $75,000 check.

Attachment A 5

- Confronted her mother again, found out that J.B. had continued to communicate with the man via the dating site. J.B. had opened 3 additional accounts. The one in question is with Wells Fargo Bank.
- Had opened the accounts under the instruction of the man she was talking to online.
- J.B. had fallen in love with this guy and had believed everything he had told her. All the different reasons as to why J.B. needed to set up accounts and move money for him.

18. Olanrewaju provided screen shots of the text message conversations he had with the employees of Ola. The messages conveyed the following in essence:

- First ensured Olanrewaju's account could receive $50,000 in cashier's checks. Olanrewaju confirms his account could receive that amount.
- Receives specific wire transfer instructions on how and where to send the $77,500 deposited into his account on August 7-8, 2018.
- Instructs Olanrewaju to wire transfer $7,500 to Diamond LLC via Citi bank. Further instructs Olanrewaju that the remaining $70,000 was for his brother.

19. Through investigation Diamond LLC was determined to be a bank in Nigeria. Additionally the IP address that was used to login to the "kathy.bullen.7" Facebook account was also registered to Nigeria. The investigation has shown that the bulk of the parties involved are unknown individuals and entities based in Nigeria, which is a known hotbed for fraudulent schemes and scams.

Attachment A 6

20. Based on the investigation, there is probable cause to believe that the contents of the account ($91,831.49) belonging to Noah Olanrewaju contained monies that were obtained by wire fraud.

## CONCLUSION

Based on the above information, there is probable cause to believe that a scheme to defraud, and financial transactions in violation of Title 18, United States Code, Sections 1343 has occurred, and that the defendant property represents proceeds traceable to wire fraud. Consequently, the defendant property is forfeitable to the United States pursuant to 18 U.S.C. Section 981(a)(1)(C).

FURTHER AFFIANT SAYETH NOT.

Todd D. Chiddister
Special Agent
Homeland Security Investigations

Attachment A 7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

UNITED STATES OF AMERICA

PLAINTIFF

V.                                CASE ACTION NO:  5:19-cv-93-TBR

*Electronically filed*

CONTENTS OF REGIONS BANK
ACCOUNT ENDING IN 4528
($91,831.49), HELD IN THE NAME
OF NOAH OLUMIDE OLANREWAJU

**WARRANT OF ARREST *IN REM* AND NOTICE**

TO:   THE UNITED STATES AND THE UNITED STATES
      MARSHALS SERVICE AND/OR ANY OTHER DULY
      AUTHORIZED LAW ENFORCEMENT OFFICER:

WHEREAS the United States Attorney for the Western District of Kentucky has filed a

Verified Complaint for Forfeiture *In Rem* against the above-named defendant property on the

2nd day of July, 2019, alleging that the defendant property is subject to seizure and forfeiture to

the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

And, the Court being satisfied that,based on the Verified Complaint for Forfeiture *In*

*Rem*, there is probable cause to believe that the defendant property so described therein

constitutes property that is subject to forfeiture for such violations, and that grounds for issuance

of a Warrant of Arrest *In Rem* exist, pursuant to Supplemental Rule G(3) of the Supplemental

Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules");

YOU ARE THEREFORE ORDERED to seize and arrest the defendant property, by

serving a copy of this warrant on the custodian, McCracken County Sheriff's Office, in whose

possession, custody, or control the property is presently found and to take the defendant property

into your possession for safe custody, until further order of the Court; and to make your return as provided by law.

YOU ARE FURTHER ORDERED to send notice to the record owner and any other person believed to have a claim to or interest in the defendant property a copy of the Complaint, Notice of Forfeiture, and this Warrant in a manner consistent with the principles of service of process of any action *in rem* under the Supplemental Rules and the Federal Rules of Civil Procedure, within a reasonable time of seizure, and, to admonish any persons holding a claim to the defendant property to file their claims with the Clerk of this Court within thirty-five (35) days after execution of this process, and to serve their answers within twenty-one (21) days after filing their claims, and finally, that they must serve a copy of any claim and/or pleading upon the Assistant United States Attorney, Amy M. Sullivan, 717 West Broadway, Louisville, Kentucky 40202.

YOU ARE FURTHER ORDERED, in the event that the defendant property is not released within ten (10) days of execution of process, that you shall cause publication of public notice, as required by Rule G(4) of the Supplemental Rules.  Such notice shall be published for thirty days at www.forfeiture.gov.   This notice shall state that anyone claiming an interest in the defendant property must file: 1) a claim within sixty (60) days from the start of the publication on the internet at www.forfeiture.gov; and 2) an answer within twenty-one (21) days after filing a claim.

IT IS FURTHER ORDERED that, promptly after execution of this process, you shall file the same in this Court with your return thereon, identifying the individuals upon whom copies were served and the manner employed.

Tendered by:
Amy M.    Sullivan
Assistant United States Attorney
717 West Broadway
Louisville, KY 40202
(502)582-5911
(502)582-5097(fax)
amy.sullivan@usdoj.gov

cc:     United States Attorney (AMS) - two certified copies of order and
        two certified copies of the Verified Complaint

✎JS 44  (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS

UNITED STATES OF AMERICA

**(b)**  County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)**  Attorney's (Firm Name, Address, and Telephone Number)

## DEFENDANTS

CONTENTS OF REGIONS BANK ACCOUNT ENDING IN 4528 ($91,831.49)
HELD IN THE NAME OF NOAH OLUMIDE OLANREWAJU

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II.  BASIS OF JURISDICTION    (Place an "X" in One Box Only)

- ☒ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III.  CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT    (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☒ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V.  ORIGIN    (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing **(Do not cite jurisdictional statutes unless diversity)**:
18 U.S.C. 981(a)(1)(C)

Brief description of cause:
Wire Fraud

## VII.  REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐ No

## VIII.  RELATED CASE(S) IF ANY

(See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE  7/1/2019

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____